**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ewa Adamek, | No. CV-19-05462-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Herman Chanen, et al., | |
| Defendants. | |

Of the four Defendants named in this action, two have been dismissed for failure to serve,[1] and two have filed motions to dismiss to which pro se Plaintiff Ewa Adamek has filed no response. Defendant Herman Chanen filed a motion to dismiss and compel arbitration on April 27, 2020 (Doc. 15), and Steven Chanen filed a motion to dismiss for failure to state a claim on May 1, 2020 (Doc. 19), such that both response deadlines have passed.

LRCiv 7.2(i) provides that if a party opposing a motion "does not serve and file the required answering memorandum, . . . such non-compliance may be deemed a consent to the denial or granting of the motion, and the Court may dispose of the motion summarily."

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995); *see also Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008) (upholding district court's decision to

---

[1] Kathy Barto and John Dryer were terminated pursuant to the Court's February 4, 2020 preliminary order (Doc. 10) on May 11, 2020. (Doc. 20.)

apply LRCiv 7.2(i) and grant summarily a motion to dismiss because plaintiffs failed to timely respond). "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53. "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Dismissal is proper where "at least four factors support dismissal, or where at least three factors strongly support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Nevertheless, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent . . . or a script that the district court must follow." *Conn. Gen. Life,* 482 F.3d at 1096.

Regarding the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal" and can "strongly" support dismissal. *Yourish*, 191 F.3d at 990.

Regarding the second and third factor, Plaintiff's failure to respond to the two pending motions to dismiss has not yet consumed much of the Court's time or created lengthy delay in this action or extra work for Defendants. *Cf. Wystrach*, 267 F. App'x at 608; *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (finding this factor weighed in favor of dismissal where plaintiff's noncompliance "consumed some of the court's time that could have been devoted to other cases on the docket").

The fourth factor weighs against summary dismissal. "Because public policy favors disposition of cases on their merits, this factor weighs against dismissal." *Wystrach*, 267 F. App'x at 608.

The fifth factor requires the Court to consider whether less drastic sanctions could

be appropriate, whether it has already tried them, and whether the noncompliant party has been warned that the case could be dismissed for failure to comply. *Conn. Gen. Life*, 482 F.3d at 1096. This Order will serve as a warning.

The Court concludes that Plaintiff's failure to respond does not merit summary dismissal *at this time*. However, the Court will order Plaintiff to respond to the pending motions to dismiss within 14 days of this Order. If Plaintiff fails to respond to the pending motions, the action will be dismissed without prejudice, which would be the only less drastic sanction appropriate under those circumstances. *See, e.g.*, *Fader v. City of Phoenix*, 2013 WL 5446676, *2–3 (D. Ariz. 2013) ("[D]ismissal without prejudice is the only acceptable less drastic sanction in this case.").

Accordingly,

**IT IS ORDERED** that Plaintiff shall respond to the pending motions to dismiss within 14 days of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to respond to the pending motions to dismiss within 14 days of this Order, the Clerk of Court shall dismiss the action without prejudice, and without further notice.

Dated this 8th day of June, 2020.

Dominic W. Lanza
United States District Judge